UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LESLIE A. H.,

        Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

CASE NO. 3:18-CV-05161-DWC

ORDER AFFIRMING DEFENDANT'S DECISION TO DENY BENEFITS

Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's denial of Plaintiff's application for disability insurance benefits ("DIB"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 3.

After considering the record, the Court concludes the Administrative Law Judge ("ALJ") did not err in her evaluation of medical opinion evidence. Further, the Court concludes the ALJ did not err when she rejected Plaintiff's testimony, lay testimony from Plaintiff's friend, and testimony from "other" medical sources. Therefore, because the ALJ's decision finding Plaintiff

not disabled is supported by substantial evidence, the Commissioner's decision is affirmed pursuant to sentence four of 42 U.S.C. § 405(g).

## FACTUAL AND PROCEDURAL HISTORY

On July 7, 2014, Plaintiff filed an application for DIB, alleging disability as of July 31, 2013. *See* Dkt. 6, Administrative Record ("AR") 19. The application was denied upon initial administrative review and on reconsideration. *See* AR 19. A hearing was held before ALJ Kimberly A. Joyce on September 12, 2016. AR 38-73. In a decision dated November 7, 2016, the ALJ determined Plaintiff to be not disabled. AR 16-31. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council, making the ALJ's decision the final decision of the Commissioner. *See* AR 2-7; 20 C.F.R. § 404.981, § 416.1481.

In Plaintiff's Opening Brief, Plaintiff maintains the ALJ erred by improperly: (1) evaluating the medical opinion evidence from acceptable and other medical sources; (2) evaluating Plaintiff's testimony; (3) evaluating lay testimony from Plaintiff's friend; and (4) assessing Plaintiff's RFC. Dkt. 10, pp. 2-19.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## DISCUSSION

**I.     Whether the ALJ erred in evaluating the medical evidence from acceptable medical sources.**

Plaintiff argues the ALJ erred in evaluating evidence from Dr. Mark Heilbrunn, M.D., and Dr. William Chalstrom, Ph.D. Dkt. 10, pp. 3-4.

In assessing acceptable medical sources, an ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995) (citing *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)); *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988)). When a treating or examining physician's opinion is contradicted, the opinion can be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester*, 81 F.3d at 830-31 (citing *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). The ALJ can accomplish this by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citing *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).

A. <u>Dr. Mark Heilbrunn, M.D.</u>

Plaintiff argues the ALJ erred in failing to give full weight to Dr. Heilbrunn's medical opinion. Dkt. 10, p. 3. Dr. Heilbrunn examined Plaintiff on October 6, 2014. AR 427. He diagnosed Plaintiff with a history of hypothyroidism, increased fatigue; history of irritable bowel syndrome; underweight; bilateral resting hand tremor; and minimal bilateral hand osteoarthritis. AR 431. In his functional assessment, Dr. Heilbrunn stated Plaintiff "manifested increased fatigue on several occasions throughout the examination." AR 432. He also stated Plaintiff "is limited in all activities, including standing/walking, because of increased fatigue and abdominal pain." AR 432.

The ALJ stated she gave some weight to Dr. Heilbrunn's assessment because Plaintiff's examination findings were "consistent with marginal limitations in her sitting, standing, walking, postural abilities, and manipulative abilities." AR 27. However, the ALJ stated she gave minimal

weight to Dr. Heilbrunn's "vague assessment of limitations due to fatigue and abdominal pain." AR 27. The ALJ noted Plaintiff stopped most medication for her impairments around the time of her alleged onset date and began alternative methods of treatment. AR 27. The ALJ stated Plaintiff has reported improvement in her fatigue and gastrointestinal issues and maintained stable and generally normal levels of thyroid hormones. AR 27. The ALJ also noted Plaintiff did not have tenderness in her abdomen and has gained weight since Dr. Heilbrunn's assessment. Thus, the ALJ gave only partial weight to Dr. Heilbrunn's assessment. AR 27.

Plaintiff argues the ALJ erred by (1) giving Dr. Heilbrunn's assessment partial weight, and (2) failing to order a consultative exam to determine whether Plaintiff meets the diagnostic criteria for chronic fatigue syndrome, in light of Dr. Heilbrunn's findings. Dkt. 10, p. 3.

1. Weight given to Dr. Heilbrunn's assessment

The ALJ gave only partial weight to Dr. Heilbrunn's assessment of Plaintiff's limitations. However, even if the ALJ erred in doing so, any error would be harmless because Dr. Heilbrunn did not opine that Plaintiff had more restrictive limitations than the ALJ applied in the RFC. Dr. Heilbrunn opined only that Plaintiff was limited in all areas due to her fatigue and abdominal pain, but he did not state how limited Plaintiff was or specific activities she would be unable to perform. AR 432. In the RFC, the ALJ accounted for "marginal limitations in [Plaintiff's] sitting, standing, walking, postural abilities, and manipulative abilities." AR 27. Because Dr. Heilbrunn did not opine to any limitation greater than what the ALJ applied, any error the ALJ may have made regarding Dr. Heilbrunn's opinion was harmless.

2. Need for a consultative exam

Plaintiff also argues that, in light of Dr. Heilbrunn's findings, the ALJ should have fully developed the record by ordering a consultative exam with a rheumatologist. Dkt. 10, p. 3.

The ALJ "has an independent duty to fully and fairly develop the record." *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001) (internal citations and quotations omitted). This duty exists even when the claimant is represented by counsel. *Brown v. Heckler*, 713 F.2d 411, 443 (9th Cir. 1983). "An ALJ's duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." *Mayes v. Massanari*, 276 F.3d 453, 460 (9th Cir. 2001).

For example, this Court has previously found that, where a treating rheumatologist's notes were indecipherable and illegible, the ALJ had a duty to recontact the physician to determine whether Plaintiff's fibromyalgia constituted a medically determinable impairment pursuant to SSR 12-2p. *See Williams v. Colvin*, 2015 WL 7018724, at **3-4 (W.D. Wash. Nov. 10, 2015). Also, where an ALJ relies on a medical expert who indicates the record is insufficient to render a diagnosis, the ALJ must develop the record further. *See Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001). But, where the record, taken as a whole, is adequate to evaluate a claimant's alleged impairment, the ALJ's duty to develop the record is not implicated. *See, e.g.*, *Baghoomian v. Astrue*, 319 F. App'x 563, 566 (9th Cir. 2009); *H'Oar v. Barnhart*, 51 F. App'x 731, 732 (9th Cir. 2002).

In this case, the ALJ asked Plaintiff at the hearing whether anyone has ruled out "neurological or rheumatological issues." AR 49. Plaintiff replied that she didn't know, but that she has had blood and stool testing that showed she has bacterial overgrowth in her intestines. AR 49.

Plaintiff's response that she did not know whether a physician had ruled out neurological or rheumatological issues does not create sufficient ambiguity in the evidence to trigger the ALJ's duty to develop the record by ordering a consultative exam. Unlike in *Tonapetyan*, the

ALJ did not rely on the medical opinion of a physician who stated he could not reach a diagnosis without a consultative exam. Additionally, unlike in *Williams*, Plaintiff's medical history contained no obvious ambiguities such as illegible handwriting. Rather, taking the record as a whole, the ALJ had sufficient evidence to evaluate Plaintiff's impairments. The ALJ reviewed records from several medical sources, including a gastroenterologist, clinical psychologist, two doctors of naturopathy, and a licensed acupuncturist. AR 51, 325, 402, 417, 439, 644. These sources were sufficient for the ALJ to evaluate Plaintiff's impairments. Thus, the ALJ did not err by failing to order a consultative exam.

B. Dr. William Chalstrom, Ph.D.

Plaintiff argues the ALJ erred in giving only some weight to Dr. Chalstrom's opinion. Dkt. 10, p. 4. Dr. Chalstrom examined Plaintiff on October 2, 2014. AR 417. Dr. Chalstrom diagnosed Plaintiff with premenstrual dysphoric disorder ("PMDD"), adjustment disorder with anxiety, irritable bowel syndrome, hypothyroid, and other problems related to employment. AR 420. Dr. Chalstrom stated:

> Psychological testing indicates that [Plaintiff] is capable of understanding, remembering, and carrying out both short and simple instructions and more complex ones. Her concentration and memory are good. She was friendly and cooperative through our session and appears that she would be able to get along with others in a work situation. However, she has been feeling anxious at work and this exacerbates her sadness and tearfulness related to her PMDD. She indicates that she would not be able to maintain attention and concentration through a normal work day because of her fatigue, which is severe after only three hours of work.

AR 420-21.

The ALJ stated she gave some weight to Dr. Chalstrom's assessment but gave "limited weight to the claimant's own reported inability to maintain attention and concentration for a normal workday." AR 29.

Plaintiff argues the ALJ erred in giving only partial weight to Dr. Chalstrom's medical opinion evidence because it supported Plaintiff's testimony about her inability to maintain a full-time work schedule. Dkt. 10, p. 4.

However, Dr. Chalstrom did not opine that Plaintiff would be unable to work full time. Rather, he repeated Plaintiff's report of limitations, stating that *Plaintiff* indicated she would be unable to maintain attention and concentration through a normal workday. AR 420-21. Dr. Chalstrom did not opine that he believed Plaintiff had these limitations, and he did not opine to any limitation greater than what the ALJ applied in the RFC. Thus, any error the ALJ made in considering Dr. Chalstrom's testimony would be harmless.

C. Non-examiners' opinions

Plaintiff argues the ALJ erred in giving significant weight to the medical opinions of state agency non-examining physicians because they did not review evidence submitted after April 2015. Dkt. 10, pp. 12-13.

The physicians examined opinion evidence from acceptable medical sources and lay testimony from two naturopathic doctors, a licensed acupuncturist, Plaintiff, and Plaintiff's friend regarding Plaintiff's fatigue and gastrointestinal issues. AR 76-79, 89-94. Plaintiff has not pointed to any evidence that was submitted after April 2015 that would alter the non-examining physicians' opinions. Given that the ALJ noted Plaintiff's symptoms appeared to improve starting in 2013, Plaintiff has not shown why any error would be harmful. AR 25-26. Additionally, the ALJ rejected each of the lay testimony opinions on other bases besides their inconsistency with the non-examining physicians' opinions. *See infra*, Section II. Thus, the ALJ did not commit harmful error by giving significant weight to the non-examining physicians' opinions.

**II.     Whether the ALJ erred in evaluating lay testimony.**

Plaintiff argues the ALJ erred in evaluating lay testimony from Plaintiff, other medical sources, and Plaintiff's friend. Dkt. 10, pp. 4-18.

A.  Plaintiff's testimony

Plaintiff argues the ALJ erred in rejecting her testimony about her symptoms and limitations. Dkt. 10, pp. 13-16. To reject a claimant's subjective complaints, the ALJ must provide "specific, cogent reasons for the disbelief." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995) (citation omitted). The ALJ "must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Id.*; *see also Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). Unless affirmative evidence shows the claimant is malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester*, 81 F.3d at 834 (citation omitted). While Social Security Administration ("SSA") regulations have eliminated references to the term "credibility," the Ninth Circuit has held its previous rulings on claimant's subjective complaints – which use the term "credibility" – are still applicable.[1] *See* SSR 16-3p, 2016 WL 1119029 (Mar. 16, 2016); 2016 WL 1237954 (Mar. 24, 2016); *see also Trevizo v. Berryhill*, 871 F.3d 664, 678 n.5 (9th Cir. 2017) (noting SSR 16-3p is consistent with existing Ninth Circuit precedent).

Questions of credibility are solely within the ALJ's control. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982). The Court should not "second-guess" this credibility determination. *Allen v. Heckler*, 749 F.2d 577, 580 (9th Cir. 1984). Moreover, the Court may not reverse a credibility determination where the determination is based on contradictory or

---

[1] Because the applicable Ninth Circuit case law refers to the term "credibility," the Court will use the terms "credibility" and "subjective symptom testimony" interchangeably.

ambiguous evidence. *Id.* at 579. Additionally, once an impairment has been established, an ALJ cannot reject a claimant's testimony solely because of a lack of objective support. *Bunnell v. Sullivan*, 947 F.2d 341, 343, 346-47 (9th Cir. 1991) (*en banc*) (*citing Cotton, supra*, 799 F.2d at 1407).

Plaintiff reported she has anxiety, mood impairment, myalgia, hypothyroidism, chronic fatigue, and gastrointestinal issues. AR 16-37. She reported sleeping between 10 and 12 hours a night, in addition to two naps a day that last two to three hours each. AR 47. She also stated she needs to rest after 15 to 30 minutes of activity. AR 47-48, 57. She stated she has pain in her joints and poor grip strength. AR 47-48, 59-60. Plaintiff also stated she has severe diarrhea three or four times a month. AR 63. She stated the pain and fatigue affect her concentration and memory to the point she can only focus for 15 to 30 minutes. AR 50, 62.

The ALJ concluded (1) Plaintiff's testimony contradicted the objective medical evidence, and (2) Plaintiff's failure to seek treatment was inconsistent with disabling impairments. AR 24-26.

First, the ALJ found the objective medical evidence in the record contradicted Plaintiff's testimony concerning the severity of Plaintiff's physical impairments. AR 22. This was proper. *See Regennitter v. Comm'r*, 166 F.3d 1294, 1297 (9th Cir. 1998). Although an ALJ may not disregard a claimant's subjective symptom testimony because it is unsupported by objective medical evidence, an ALJ may discredit a claimant's testimony when it contradicts evidence in the record. *See Johnson v. Shalala,* 60 F.3d 1428, 1434 (9th Cir. 1995).

The ALJ noted Plaintiff's reports were "inconsistent with disabling impairments." AR 26. The ALJ stated, "The claimant's medical evidence indicates minimal GI issues, while treatment records document partial improvement in her GI symptoms around her alleged onset date. . . .

[H]er recent treatment records contradict her testimony about the severity of her GI symptoms." AR 24. The ALJ also stated Plaintiff "has attributed her severe fatigue in part to her hypothyroidism," but that "subsequent testing has repeatedly found normal levels of free T3 and thyroid-stimulating hormone, with low levels of free thyroxine." AR 25. The ALJ also noted during Plaintiff's physical evaluation in October 2014, she "displayed full strength in her extremities, including full bilateral grip strength." AR 25. Finally, the ALJ stated Plaintiff's "reports of severe mental limitations are inconsistent with her examination findings, which document good concentration, good memory, and otherwise normal psychological functioning." AR 25.

The ALJ's reasons are supported by substantial evidence in the record. For example, the ALJ noted that Plaintiff received a 5/5 score for bilateral grip strength during her disability evaluation in October 2014, which contradicts Plaintiff's reports of poor grip strength. AR 430. Additionally, the ALJ noted that Dr. Chalstrom opined that Plaintiff had normal psychological and cognitive functioning, which contradicts Plaintiff's report that she was unable to concentrate for more than 15 to 30 minutes. AR 419-25. Thus, the ALJ did not err in rejecting Plaintiff's testimony.

Because the ALJ stated germane reasons to reject Plaintiff's testimony on the basis that it contradicted the medical evidence in the record, the Court need not address whether the ALJ erred in finding Plaintiff's failure to seek treatment was inconsistent with disabling impairments. *See Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) ("[A]n ALJ's error was harmless where the ALJ provided one or more invalid reasons for disbelieving a claimant's testimony, but also provided valid reasons that were supported by the record.").

B. "Other" medical sources

Plaintiff argues the ALJ also erred in rejecting opinion testimony from Eliyahu Andrew Stahl, a licensed acupuncturist; Anna Colombini, a doctor of naturopathy; Corina B. Going, a doctor of naturopathy; and other medical sources.

Pursuant to federal regulations, a medical opinion from an "other" medical source must be considered. *See* 20 C.F.R. § 404.1513(d) (effective Sept. 3, 2013 to Mar. 26, 2017);[2] *see also Turner v. Comm'r*, 613 F.3d 1217, 1223-24 (9th Cir. 2010) (citing 20 C.F.R. § 404.1513(a), (d)); SSR 06-3p, 2006 WL 2329939. "Other" medical source testimony, which the Ninth Circuit treats as lay witness testimony, "is competent evidence an ALJ must take into account," unless the ALJ "expressly determines to disregard such testimony and gives reasons germane to each witness for doing so." *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001); *Turner*, 613 F.3d at 1224. In rejecting lay testimony, the ALJ need not cite the specific record as long as "arguably germane reasons" for dismissing the testimony are noted. *Lewis*, 236 F.3d at 512.

1. Eliyahu Andrew Stahl, L.Ac.

Plaintiff argues the ALJ erred in not addressing the opinion of Mr. Stahl, a licensed acupuncturist. Dkt. 10, pp. 4-5. Mr. Stahl noted that "at times" Plaintiff's fatigue was reduced, but that during the two weeks before her menstrual cycle, "she is particularly labile and dysfunctional." AR 325. He also stated it would be "very difficult" for Plaintiff to have a normal job capacity. AR 325.

The ALJ did not explicitly reject Mr. Stahl's opinion. Plaintiff argues this was error because the ALJ must consider all of the evidence presented. Dkt. 10, p. 5.

---

[2] These regulations apply to claims, such as Plaintiff's claim, filed before March 27, 2017. *See* 20 C.F.R. § 404.1513(a).

Because Mr. Stahl's opinion is lay testimony, the ALJ did not need to cite the specific record to reject his opinion as long as the ALJ stated "arguably germane reasons" for dismissing the testimony. *Lewis*, 236 F.3d at 512. Although the ALJ did not reject Mr. Stahl's opinion by name, she referenced his report while discussing Plaintiff's treatment. AR 25, 27. The ALJ noted that weekly acupuncture services improved and reduced Plaintiff's symptoms of fatigue and gastrointestinal issues. AR 25. Apparent improvement in Plaintiff's symptoms is a germane reason for the ALJ to reject Mr. Stahl's testimony. *See Leonard v. Colvin*, 633 F. App'x 362, 363 (9th Cir. 2015) (stating that evidence of symptom improvement was proper reason to reject claimant's testimony).

Additionally, Mr. Stahl did not opine to any limitations beyond those the ALJ rejected from Plaintiff's testimony. When an ALJ finds a claimant's testimony about limitations not credible, and those same limitations are opined to by an "other medical source," the ALJ's error on the "other medical source" is harmless. *See Molina*, 674 F.3d at 1122 ("Because the ALJ had validly rejected all the limitations described by the lay witnesses in discussing Molina's testimony, we are confident that the ALJ's failure to give specific witness-by-witness reasons for rejecting the lay testimony did not alter the ultimate nondisability determination."); *see also Turner*, 613 F.3d at 1224 (treating an "other" source as lay testimony). Thus, because the ALJ rejected the same limitations when evaluating Plaintiff's testimony, the ALJ did not harmfully err in rejecting Mr. Stahl's medical opinion.

2. <u>Anna Colombini, N.D.</u>

Plaintiff argues the ALJ erred in rejecting the testimony of Ms. Colombini, a doctor of naturopathy. Ms. Colombini began treating Plaintiff on August 5, 2013. AR 374. After seeing Plaintiff in August 2014, Ms. Colombini opined Plaintiff should not work more than 20 hours a

week, "with a gradual increase in work duty to avoid being overwhelmed and fatigued." AR 374. In February 2015, Ms. Colombini opined that Plaintiff expressed symptoms of fatigue, Irritable Bowel Syndrome, depression and myalgia, with prolonged stress from working more than four hours a day. AR 450. Ms. Colombini stated that it was her clinical experience that when Plaintiff tried to go back to work, her symptoms and progress worsened. AR 450. On April 20, 2015, Ms. Colombini opined that Plaintiff was "unable to work at this time." AR 466. She stated she has observed that Plaintiff's fatigue, malaise, Irritable Bowel Syndrome, gastrointestinal distress, and dysbiosis increase when Plaintiff returns to work. AR 466. On June 30, 2015, Ms. Colombini opined Plaintiff's symptoms were constantly severe enough to interfere with the attention and concentration required to perform simple work-related tasks. AR 475. She stated Plaintiff would require extra breaks throughout the workday and could sit for seven hours in an eight-hour workday and stand or walk for one hour. AR 475. She also stated Plaintiff would be absent from work more than four times a month because of her impairments. AR 476.

The ALJ stated she gave minimal weight to Ms. Colombini's assessment of disability, but agreed that Plaintiff could sit for seven hours per workday. AR 26. The ALJ stated that Ms. Colombini did not refer to any evidence to support her assessments, and that her "treatment records do not contain any positive examination findings of physical impairment." AR 26. The ALJ concluded Ms. Colombini "appears to have no evidentiary basis for her assessments besides the claimant's own complaints." AR 26.

This was error, as the record shows Ms. Colombini did cite positive examination findings of Plaintiff's physical limitations. Ms. Colombini's treatment notes stated several times that Plaintiff appeared fatigued, cried, or had a flat affect. *See* AR 375, 376, 377, 378, 383, 393. These were Ms. Colombini's observations from treating Plaintiff, and not merely Plaintiff's

ORDER AFFIRMING DEFENDANT'S
DECISION TO DENY BENEFITS - 13

reports of fatigue or mood issues. Thus, the ALJ did not cite germane reasons for rejecting Ms. Colombini's opinion.

However, this error was harmless because Ms. Colombini did not opine to any limitations greater than those about which Plaintiff testified. As noted above, when an ALJ finds a claimant's testimony about limitations not credible, and those same limitations are opined to by an "other medical source," the ALJ's error on the "other medical source" is harmless. *See Molina*, 674 F.3d at 1122. Thus, the ALJ's error in rejecting Ms. Colombini's opinion was harmless.

3. Carina B. Going, N.D.

Plaintiff argues the ALJ also erred in rejecting opinion evidence from Ms. Going, a doctor of naturopathy. Dkt. 10, pp. 9-11. Ms. Going began treating Plaintiff in December 2013. AR 439. In February 2015, Ms. Going stated Plaintiff was slowly improving but unable to return to work because of her fatigue and inability to maintain attention and concentration. AR 439. She opined Plaintiff would need more breaks than are included in a typical workday and that she could sit for two hours a day and stand or walk for one hour a day. AR 468.

The ALJ gave minimal weight to Ms. Going's assessment. AR 27. The ALJ stated

> [Ms. Going] did not refer to any evidence to support her assessment of physical disability, and her treatment records do not contain any examination findings. Ms. Going therefore appears to lack any objective basis for her assessment, which is inconsistent with the claimant's examination findings since her alleged onset date, as well as her conservative course of treatment.

AR 27 (internal citations omitted).

As with Ms. Colombini's opinion evidence, Ms. Going did not opine to any limitations beyond those testified to by Plaintiff. Thus, any error the ALJ made by rejecting Ms. Going's testimony is harmless. *See Molina*, 674 F.3d at 1122.

### 4. Other medical evidence

Plaintiff argues the ALJ ignored other medical evidence from Mychelle Y. Bowers, a physician assistant; Garrick D. Brown, M.D., a gastroenterologist; and Jane M. Ryan, M.A., a licensed marriage and family therapist. Dkt. 10, pp. 12-13. Plaintiff argues this evidence provides further support for the opinions of Dr. Heilbrunn, Dr. Chalstrom, Mr. Stahl, Ms. Colombini, and Ms. Going. *Id.* However, these sources did not opine to any limitations beyond those addressed by other sources of lay testimony, such as Plaintiff and the "other" medical sources. Thus, any error the ALJ made in not addressing their opinions was harmless. *See Molina*, 674 F.3d at 1122.

### 5. Other lay testimony

Plaintiff argues the ALJ erred by dismissing lay testimony from her friend and former coworker Alison Reames and from Kenneth Panitz, the federal funding coordinator for Plaintiff's former employer. Dkt. 10, pp. 16-18.

Ms. Reames reported that Plaintiff has memory and concentration issues, is easily fatigued, and is in pain. AR 246-253. As with the "other" medical sources, Ms. Reames did not opine to any limitations beyond those addressed by Plaintiff. Thus, any error the ALJ made in giving little weight to her opinion was harmless. *See Molina*, 674 F.3d at 1122.

Mr. Panitz stated Plaintiff could not complete the work duties required of her position. AR 212-13. The ALJ did not explicitly reference Mr. Panitz's report. However, because Mr. Panitz's report is lay testimony, the ALJ did not need to cite the specific record to reject his report as long as the ALJ stated "arguably germane reasons" for dismissing the testimony. *Lewis*, 236 F.3d at 512. In this case, the ALJ rejected lay testimony regarding Plaintiff's inability to complete a full workday when addressing the opinion evidence from other sources of lay

ORDER AFFIRMING DEFENDANT'S
DECISION TO DENY BENEFITS - 15

testimony, such as Ms. Colombini. *See supra* Section II.B., AR 25-29. Thus, any error the ALJ committed by not specifically addressing Mr. Panitz's report was harmless.

**III.    Whether the ALJ improperly assessed Plaintiff's RFC.**

Plaintiff argues the ALJ's RFC finding was erroneous because it did not include limitations included in the medical opinion evidence and lay testimony. Dkt. 10, pp. 18-19. However, as discussed above, the ALJ properly discounted those opinions. *See supra*, Sections I, II. Accordingly, the ALJ's RFC finding was supported by substantial evidence and not erroneous.

## CONCLUSION

Based on the foregoing reasons, the Court hereby finds the ALJ properly concluded Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is affirmed and this case is dismissed with prejudice.

Dated this 3rd day of December, 2018.

_____
David W. Christel
United States Magistrate Judge